# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DALE W. MALESH,

        Petitioner,

v.

TONY TRIERWEILER,

        Respondent.

Case No. 16-11754
Hon. Terrence G. Berg

## OPINION AND ORDER DENYING (1) THE PETITION FOR WRIT OF HABEAS CORPUS; (2) A CERTIFICATE OF APPEALABILITY; AND (3) LEAVE TO APPEAL *IN FORMA PAUPERIS*

Dale W. Malesh, ("petitioner"), confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, seeks the issuance of a writ of habeas corpus under 28 U.S.C. § 2254. In his application, Petitioner challenges his convictions for fourteen counts of third-degree criminal sexual conduct. Petitioner raises six claims for relief, all concerning his sentence. Respondent has filed an answer in opposition arguing that Petitioner's claims raise only state law issues and are, therefore, not cognizable on habeas corpus review. For the reasons set forth below, the application for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

## I. Background

Petitioner's convictions stem from his sexual relationship with S.V., who was a student at the high school where Petitioner, a retired police officer, worked as a security guard. The two began a sexual relationship after S.V. turned 16 years of age. Petitioner was charged with fourteen counts of third-degree criminal sexual conduct. On October 8, 2013, Petitioner pleaded no contest to each of the fourteen charges. The plea was made pursuant to a *Cobbs'* evaluation providing that Petitioner would be sentenced to the bottom of the guidelines range. *See People v. Cobbs*, 443 Mich. 276, 505 N.W.2d 208 (1993) (permitting a defendant to enter a guilty plea in reliance on the trial court's initial evaluation as to the appropriate sentence, subject to the defendant's right to withdraw his plea if the sentence actually imposed exceeds the preliminary evaluation). On November 15, 2013, Petitioner was sentenced to 57 to 180 months' imprisonment for each conviction, to be served concurrently.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, raising six sentencing-related claims. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See* 10/17/14 Order, *People v. Malesh*, No. 322994, Dkt. 13-13. The Michigan Supreme Court also denied leave to appeal. *People v. Malesh*, 866 N.W.2d 444 (Mich. 2015).

Petitioner then filed the pending habeas petition. He raises these claims:

> I. Petitioner was deprived of his state and federal constitutional right to effective assistance of counsel when the trial court erred when it held that facts (allegedly contained in police reports), which were never incorporated into the record through a court proceeding or included in the presentence report, and alleged facts purportedly contained only in the prosecutor's notes were record evidence, such that they could be used to support scoring decisions.
>
> II. Petitioner was deprived of his state and federal constitutional rights … where OV 4 was improperly scored because [the victim] testified that her psychological injuries did not occur during the sentencing offense.
>
> III. Petitioner was deprived of his state and federal constitutional rights … because OV 10 should have been scored at zero points rather than 15 points.
>
> IV. Petitioner was deprived of his state and federal constitutional right where OV 12 was misscored where there is no record evidence that Mr. Malesh and [the victim] had sex within 24 hours of the sentencing offenses.
>
> V. Petitioner was deprived of his state and federal constitutional rights where … OV 13 was misscored at 25 points.
>
> VI. Petitioner was deprived of his state and federal constitutional rights where the errors in this case erroneously inflated Mr. Malesh's total offense variable score by 125 points. He is entitled to resentencing.

Dkt. 1.

## III. Standard of Review

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, imposes the following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000). An "unreasonable application" occurs when "a state-court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that

court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411.

The Supreme Court has explained that a "federal court's collateral review of a state-court decision must be consistent with the respect due state courts in our federal system." *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003). Thus, the AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010). A "state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011).

The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* at 102. Furthermore, pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id.* Habeas relief is not appropriate unless each ground that

5

supported the state-court's decision is examined and found to be unreasonable under the AEDPA. *See Wetzel v. Lambert*, 565 U.S. 520, 525 (2012). "If this standard is difficult to meet, that is because it was meant to be." *Harrington*, 562 U.S. at 102. Although 28 U.S.C. § 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, it preserves the authority for a federal court to grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id.* Indeed, section 2254(d) "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal." *Id.* at 102–03. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state-court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103. A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas

petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id.* Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

IV. **Discussion**

A. **Sentencing Claims**

Petitioner raises six claims for habeas corpus relief. All six claims concern his sentence. A portion of the first habeas claim raises an ineffective assistance of counsel claim and will be addressed below.

Petitioner claims that the trial court improperly relied on certain facts contained in police reports and the prosecutor's notes, which were never placed in the record, when scoring the offense variables for the sentencing guidelines. Petitioner argues that this violated his rights under state law and his federal constitutional right to be sentenced on the basis of accurate information. The bulk of Petitioner's arguments in support of these claims rests on alleged violations of state law. "[A] federal court may issue the writ to a state prisoner 'only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010), quoting 28 U.S.C. § 2254(a). Claims concerning the application of sentencing guidelines are

state-law claims that "cannot independently support habeas relief." *Kissner v. Palmer*, 826 F.3d 898, 904 (6th Cir. 2016).

A claim regarding a state-court sentence may state a cognizable claim for habeas corpus relief if it rises to the level of a due process violation. A due process violation arises where a sentence is based on "misinformation of constitutional magnitude[,]" *Roberts v. United States*, 445 U.S. 552, 556 (1980), or "extensively and materially false" information, which the defendant had no opportunity to correct. *Townsend v. Burke*, 334 U.S. 736 (1948). "*Townsend* and its progeny are generally viewed as having established a due process 'requirement that a defendant be afforded the opportunity of rebutting derogatory information demonstrably relied upon by the sentencing judge, when such information can in fact be shown to have been materially false.'" *Stewart v. Erwin*, 503 F.3d 488, 495 (6th Cir. 2007) quoting *Collins v. Buchkoe*, 493 F.2d 343, 345 (6th Cir. 1974). Petitioner, through counsel, objected to the scoring of a number of offense variables at the sentencing hearing. The trial court heard Petitioner's arguments, found that they were not persuasive, and concluded that the scores were correct. Moreover, the Michigan Court of Appeals rejected petitioner's arguments for lack of merit. While petitioner disputes the trial court's findings, he has offered nothing to show that they were materially false. Accordingly, he falls far short of establishing a due

process violation under *Townsend*.

To the extent that Petitioner also argues that the state court's reliance on facts not found by a jury or admitted by him violated *Alleyne v. United States*, 570 U.S. 99 (2013), his claim is meritless. In *Alleyne*, the Supreme Court held that any fact that increases a mandatory minimum sentence is an "element" of the offense that must be submitted to the jury and proven beyond a reasonable doubt. *Id.* at 107 (Thomas J., plurality opinion). The Sixth Circuit Court of Appeals has held that *Alleyne* did not decide the question whether judicial factfinding under Michigan's indeterminate sentencing scheme violated the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013). Consequently, the Sixth Circuit held that the question is not a matter of clearly established Supreme Court precedent. *Id.*; *see also Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory statutory minimum [are] part of the substantive offense.' ... It said nothing about guidelines sentencing factors...."), quoting *Alleyne*, 570 U.S. at 113.

The Michigan Supreme Court's decision in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), does not alter this Court's analysis. In *Lockridge*, the Michigan Supreme Court held that, because the "guidelines require judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs)

that *mandatorily* increase the floor of the guidelines minimum sentence range," they increase the "mandatory minimum" sentence under *Alleyne*. *Lockridge*, 870 N.W.2d at 506 (emphasis in original). The Michigan Supreme Court concluded that the mandatory application of Michigan's sentencing guidelines was unconstitutional, and the remedy was to make the guidelines advisory only. *Id.* at 520–21. This decision, however, does not constitute "clearly established law" on habeas review. This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a claim under § 2254. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). In determining whether federal law is clearly established, the Court may consider only the decisions of the Supreme Court. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014). "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White*, 134 S. Ct. at 1706–07 (2014), quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011). *Lockridge*, therefore, is not clearly established Federal law. There is no clearly established Federal law holding that Michigan's sentencing scheme is unconstitutional. Therefore, the state court's decision was not contrary to "clearly established Federal law" and habeas corpus relief is denied. 28 U.S.C. § 2254(d).

## B. Ineffective Assistance of Counsel Claim

Petitioner also raises an ineffective assistance of counsel claim. Other than setting forth a claim that he was denied the effective assistance of counsel when the trial court relied on facts not found by a jury or admitted by Petitioner in scoring offense variables, Petitioner fails to provide any support or argument for this claim. The Court presumes that he is arguing that counsel was ineffective in failing to object to the trial court's reliance on these factors.

This claim appears to be unexhausted. The Court nevertheless addresses the merits of this claim because the Court may decide an unexhausted claim where the unexhausted claim is plainly meritless, not cognizable on federal habeas review, or doing so is in the best interests of the parties and judicial economy. *Granberry v. Greer*, 481 U.S. 129, 131 (1987).

The AEDPA "erects a formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). The standard for obtaining relief is "'difficult to meet.'" *White*, 134 S. Ct. at 1702, quoting *Metrish v. Lancaster*, 569 U.S. 351, 357–58 (2013). In the context of an ineffective assistance of counsel claim under *Strickland v. Washington*, 466 U.S. 668 (1984), the standard is "all the more difficult" because "[t]he standards created by Strickland and § 2254(d) are both highly deferential and when the two apply in

tandem, review is doubly so." *Harrington*, 562 U.S. at 105 (internal citations and quotation marks omitted). "[T]he question is not whether counsel's actions were reasonable"; but whether "there is any reasonable argument that counsel satisfied Strickland's deferential standard." *Id.*

An ineffective assistance of counsel claim has two components. A petitioner must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland*, 466 U.S. at 687. To establish deficient representation, a petitioner must demonstrate that counsel's representation "fell below an objective standard of reasonableness." *Id.* at 688. In order to establish prejudice, a petitioner must show that, but for the constitutionally deficient representation, there is a "reasonable probability" that the outcome of the proceeding would have been different. *Id.* at 694.

Defense counsel raised many objections to the scoring of offense variables during the sentencing proceeding. Petitioner's appellate attorney filed a motion to correct invalid sentencing in the trial court, raising the sentencing-related claims raised in the petition. The trial court denied the motion, finding no error in the scoring of offense variables or the information relied upon to score the guidelines. Additionally, the Michigan Court of Appeals found no error in the trial court's consideration of police reports and the prosecutor's file in scoring offense variables. Petitioner has failed to

show that the state courts' decisions upholding the propriety of the sentencing proceedings were in error. Petitioner's attorney, therefore, was not ineffective in failing to raise a claim on direct appeal that the trial court improperly considered material not part of the record in rendering a sentence.

## V. Conclusion

For the reasons set forth above, the petition for writ of habeas corpus is DENIED. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. § 2254. For the reasons stated in this opinion, the

Court will deny Petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right. The Court will also deny petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous.

## VI. ORDER

Based upon the foregoing, **IT IS ORDERED** that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is DENIED.

**IT IS FURTHER ORDERED** that Petitioner will be DENIED leave to appeal *in forma pauperis*.

**SO ORDERED.**

Dated: January 31, 2019

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on January 31, 2019.

s/A. Chubb<br>Case Manager